

**ALVIN L. BRAGG, JR.**
DISTRICT ATTORNEY

**DISTRICT ATTORNEY
COUNTY OF NEW YORK**
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000

September 19, 2023

**MEMO ENDORSED**

Application GRANTED. The initial pretrial conference scheduled for September 26, 2023 is hereby adjourned to October 3, 2023 at 2:00 p.m. The conference will be held in Courtroom 20C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York. The parties are reminded of their obligation to file a joint status letter, as described in ECF No. 82, no later than one week before the conference.

The Court of Clerk is respectfully directed to terminate the motion at ECF No. 83.

SO ORDERED.

*Jessica Clarke*
JESSICA G. L. CLARKE
United States District Judge

Dated: September 21, 2023
New York, New York

**Via ECF**
Hon. Jessica G. L. Clarke
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Harris v City of New York, et al.,* No. 22-cv-01763 (JGLC)

Your Honor:

I am an Assistant District Attorney in the office of Alvin L. Bragg, Jr., New York County District Attorney ("DANY") and assigned counsel to former Assistant District Attorneys ("ADA") Caroline Holderness and Jung Park and current ADA Caroline Serino ("DA defendants"). The DA Defendants have conferred with Assistant Corporation Counsel Susan Scharfstein, attorney for co-defendants City of New York, Eliezer Pabon, Danielle Hankerson, Suthom Ungcharoen, and Craig Bullard ("City defendants"), who join in this submission. Pursuant to the Court's Order dated September 5, 2023, and for the reasons below, defendants respectfully write to: (1) ask that the Court defer a Proposed Civil Case Management Plan and Rule 16(b) Conference pending filing by plaintiff of his final proposed amended complaint and resolution of dispositive motions to be resubmitted by all defendants; and (2) in the alternative, request an adjournment of the initial scheduling conference currently set for September 26, 2023, at 12:00 p.m., as a result of a scheduling conflict.

Background

By way of background, on March 3, 2022, plaintiff commenced this action pursuant to 42 U.S.C. § 1983 and state law alleging, *inter alia*, that he was maliciously prosecuted and denied the right to a fair trial following his arrest and prosecution relating to multiple separate alleged criminal transactions which occurred in 2011, namely, an assault, a sexual assault, and an escape. (*See* Docket Entry ("ECF") No. 1. Along with claims against the DA defendants, plaintiff alleged similar claims against the individual police officer defendants and a policy claim against the City. The DA defendants were New York County ADAs assigned to prosecute the physical assault, sexual assault, and escape charges in state court.

On December 2, 2022, the Honorable Edgardo Ramos set a schedule allowing plaintiff, who was then represented by counsel, to file a First Amended Complaint ("FAC") and defendants to file motions to dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(6). The FAC was filed on or about December 23, 2022. (ECF No. 32.) On March 3, 2023, defendants

filed their motions. (ECF Nos. 45 and 48.)[1] On April 12, 2023, the Court granted the requests of former plaintiff's counsel to withdraw from the representation. As a result, plaintiff is presently proceeding *pro se*. (ECF Nos. 62 and 63.) Departing counsel sought, and Judge Ramos granted, an extension for plaintiff to submit his opposition(s) to defendants' motions. (ECF Nos. 60 and 61.) Plaintiff thereafter sought and was granted two additional extensions in which to submit his opposition papers. (ECF Nos. 65, 66, 67, 68, and 69.)

On May 30, 2023, plaintiff submitted his papers in opposition to certain of the motions.[2] Plaintiff's memorandum of law included a newly altered caption, additional purported defendants (former ADA Park and current ADA Serino [and a Captain Ferrell, who is identified as a New York State court officer]), new factual averments, and references to a "Second Amended Complaint" ["SAC"]. (*See generally*, ECF Nos. 70 and 72.) On May 31, 2023, without leave of Court, plaintiff filed purported SAC, which reflected the altered caption and added new defendants and new substantive allegations. (ECF No. 73.) At the DA defendants' request, Judge Ramos held a conference on June 30, 2023, to address the status of the motion practice and the operative pleadings. (*See* ECF Nos. 74 and 76, and ECF Minute Entry, June 30, 2023.) During the June 30th conference, Judge Ramos granted plaintiff permission to proceed with the May 31st SAC (ECF No. 73) as the operative pleading and instructed plaintiff to obtain summonses for the newly added individual defendants (NY State Captain Ferrell and former ADA Park and current ADA Serino), and serve them.[3] (*See* ECF Minute Entry, June 30, 2023.[4]) Although it appears that amended summonses were issued, (*See* ECF Docket Entry dated July 10, 2023), they are not available on Pacer.

Following the June 30th conference, plaintiff purported to serve defendants Park and Serino (but not Ferrell) with an amended summons. Notably, rather than serve those defendants with the SAC filed as ECF No. 73 (the pleading authorized by Judge Ramos), plaintiff instead served a fourth version of the complaint, also titled "2nd Amended Complaint." On July 17, 2023, without leave of the Court pursuant to Fed. R. Civ. P. 15(a)(2), plaintiff filed the "2nd Amended Complaint" to the docket. (*See* ECF No. 79.) Two days later, plaintiff filed so-called "proof of service" documents, which stated that on July 12, 2023, amended summonses were served on DA defendants Park and Serino. (*See* ECF Nos. 80 and 81.) Plaintiff thereafter represented to defendants that the "2nd Amended Complaint," which was not filed until July 17th, was the version of the complaint he had served five days earlier, on July 12th, on DA defendants Park and Serino.

"Captain Ferrell" has not been served. Plaintiff has more recently represented that this individual is, contrary to the allegations in the various iterations of the complaints, a retired New York City Police Officer by the name of Captain Thomas Farrell, rather than a New

---

[1] Defendant Bullard, who was served later, filed his motion to dismiss on the due date of his response, which was April 7, 2023.

[2] As of this writing, plaintiff has yet to respond to the motion to dismiss filed on April 7, 2023, by defendant Bullard.

[3] During the June 30th conference, plaintiff represented to the Court that he was abandoning his state law claims, but those claims appear in both the "SAC" (ECF No. 73) and the so-called "2nd Amended Complaint" (ECF No. 79). The City has asked plaintiff to amend his complaint to withdraw the claims. Although he agreed to do so, he has not yet done so.

[4] Judge Ramos instructed the parties that once service of process was complete as to the individual defendants, a new motion schedule would be adopted.

York State Court Officer Ferrell. Plaintiff and the City's counsel have discussed that the Law Department will seek his consent for service to be effected care of the NYPD once the issue of the operative complaint has been resolved so that Farrell may be served with the appropriate pleading.

<u>Defendants Ask that the Court Defer Submission of a Civil Case Management Plan and Scheduling Order Until After Motion Practice</u>

Defendants anticipate that the case may be significantly narrowed as a result of motion practice. Therefore, defendants do not believe that it would be productive to propose a discovery plan or scheduling order at this time. (*See* ECF No. 82.) The more prudent course appears to be to proceed with motion practice to narrow the parties and the scope of this matter properly before engaging in costly and potentially unnecessary discovery, as Judge Ramos appears to have recognized. Moreover, because plaintiff has failed to serve the governing pleading, the Court does not yet have personal jurisdiction over all of the proposed new defendants, and for that reason, it is also premature for the parties to move forward with motion practice.

Accordingly, defendants ask instead that the Court (1) set a date for final amendment by plaintiff before motions are interposed by defendants, after which plaintiff is to serve each of the new defendants; and (2) set a schedule by which defendants may renew their motions to dismiss in light of the operative pleading. Given the time and expense that defendants have already expended to prepare their first set of motion papers, defendants ask that the Court permit no further amendments thereafter without a motion for leave to file an amendment and good cause shown. Further, plaintiff has represented to both Judge Ramos and counsel that he intended to withdraw his New York State law claims. The Court should direct him to do so.

In the interim, defendants ask that discovery, along with the Rule 16(b) conference, continue to be deferred until after the above issues have been resolved, including decision on preliminary motions. The grounds for these motions include such threshold legal defenses as absolute prosecutorial immunity, which applies to all of the current and proposed new DA defendants. (*See* ECF No. 47, at 10-14.) City defendants likewise set forth numerous threshold legal defenses, including statute-of-limitations defenses in their previously-submitted motion papers. (*See* ECF No. 49; ECF No. 57.) By reason of such legal defenses to broad swaths of this case, defendants believe, in the interests of efficiency and fairness, that motion practice should take place at the outset. Further, no delay in moving forward with this action is attributable to the defendants, as they fully complied with Judge Ramos' Order to file their moving papers earlier this year. Reply papers were not submitted after Judge Ramos agreed to consider plaintiff's May 31, 2023 amendment as final before all parties would be served and a schedule would be set for renewed motions to dismiss.

In sum, the posture and circumstances of this case strongly favor that the scope of the parties and discovery may be dramatically curtailed, the motions to dismiss are strong on the merits, immunity defenses have been raised by all parties, the motions were timely filed by defendants, and there should be no prejudice to plaintiff, as he has himself sought multiple extensions of time in which to respond and has not yet sought leave to file his most recent proposed amendment (ECF No. 79). Further, the DA's office, which is custodian of the file

3

relating to the underlying criminal matter, has preserved its complete file, much of which plaintiff already has access to as a result of disclosures he received during the underlying criminal prosecution and trial. Accordingly, there need be no concern that documentary or physical evidence may not be available.

Request for an Adjournment of the Initial Pretrial Conference

Lastly, for the reasons above, defendants believe that a conference would not be useful at this juncture. Should the Court resolve to hold a conference, defendants respectfully request that the conference be adjourned as a result of a scheduling conflict with a Court-ordered deposition date that prevents counsel for City defendants from appearing on the current date of September 26, 2023. This is the defendants' first request for an adjournment of this conference. The parties respectfully propose the alternative dates of October 3rd, October 5th, the morning of October 12th, or the morning of October 17th, if those dates are convenient for the Court. If the Court grants this request, an adjournment will not affect any other dates that are currently in place.

Conclusion

For the reasons set forth above, defendants respectfully request that the Court adjourn the September 26, 2023 initial pretrial conference sine die or, alternatively, to a date set forth above, and grant the other relief requested herein. Prior to filing of this letter today, in accordance with Your Honor's Order (ECF No. 82), the undersigned attempted to confer with plaintiff, *pro se*, about this application and has not yet received a response.

Defendants thank the Court for its consideration of the above.

Respectfully submitted,

*Robin McCabe*

Robin A. McCabe
Assistant District Attorney

cc: All Parties via ECF and email.