UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DERRICK HARRIS,

                              Plaintiff,

                    -against-

THE CITY OF NEW YORK, et al.,

                              Defendants.

22-CV-1763 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff Derrick Harris brings this action against the City of New York ("City"); unnamed Officers from the New York City Department of Corrections ("Corrections Officers"); New York City Police Department ("NYPD") Officers Eliezer Pabon, Danielle Hankerson, Suthom Ungcharoen, Craig Bullard, and Thomas Farrell (collectively, the "NYPD Defendants," and together with the City and Corrections Officers, the "City Defendants"); and New York County Assistant District Attorneys Carolina Holderness, Caroline Serino, and Jung Park (collectively, the "ADA Defendants"). *See* ECF Nos. 1, 132. Plaintiff proceeds *pro se*, asserting claims arising from his 2011 arrest by the NYPD and subsequent sexual assault charges, a search of Plaintiff's home ("Home Search"), an escape charge ("Escape Charge"), four years of incarceration, and prosecution and trial. *See* ECF No. 132.

The ADA Defendants and the City Defendants now move to dismiss, asserting that Plaintiff has failed to cure his previous pleading deficiencies. *See* ECF Nos. 133–34. The Court GRANTS the ADA Defendants' and City Defendants' motions to dismiss.

**BACKGROUND**

The Court assumes familiarity with the facts as set forth in the Court's September 27, 2024 Opinion and Order granting the City Defendants' and the ADA Defendants' motions for dismissal of Plaintiff's Fourth Amended Complaint. ECF No. 120.

Plaintiff initiated this action on March 3, 2022. ECF No. 1. He amended his Complaint three times, ECF Nos. 32, 73, 79, before filing his Fourth Amended Complaint on October 20, 2023. ECF No. 94. On January 12, 2024, the City Defendants and the ADA Defendants each moved to dismiss Plaintiff's Fourth Amended Complaint. ECF Nos. 100, 103. On September 27, 2024, this Court granted the City Defendants' and ADA Defendants' motions to dismiss. ECF No. 120. The Court dismissed the following claims **with** prejudice:

- all of Plaintiff's state law claims, *id.* at 7;

- Plaintiff's claims for malicious prosecution and *Brady* violations with respect to the ADA Defendants, *id.* at 20;

- Plaintiff's claims for denial of the right to a fair trial with respect to all Defendants *except* Officer Pabon and the City, *id.*; and

- Plaintiff's claims for liability against the City based on (1) the Escape Charge, (2) false arrest, (3) conditions of confinement, (4) Home Search, and (5) malicious prosecution and *Brady* violations with respect to the ADA Defendants, *id.* at 20–21.

Additionally, the Court dismissed with prejudice all of Plaintiff's claims related to Plaintiff's alleged false arrest, the Home Search, unlawful conditions of confinement, and Escape Charge, because these claims are time-barred. *Id.* at 10. As a result, all claims against certain Defendants were dismissed because their alleged involvement was limited only to time-barred claims: "(1) Defendant Corrections Officers, who are only relevant to Mr. Harris's period of

incarceration; and (2) Ungcharoen, Bullard, and Farrell, who are only relevant to the Escape Charge." *Id.*

The Court found that claims arising out of Plaintiff's September 12, 2011 arrest for sexually assaulting a woman in his home (the "Home Incident") and a woman at a park across the street from Plaintiff's residence (the "Park Incident") were timely. *Id.* at 2, 11. In his Fourth Amended Complaint, Plaintiff asserted the timely claims of: (1) municipal liability for various constitutional claims against the City; (2) failure to intervene against the ADA Defendants and the NYPD Defendants; (3) malicious prosecution and violations of *Brady* against the NYPD Defendants and the ADA Defendants; (4) deprivation of the right to a fair trial against the NYPD Defendants; and (5) due process violations against all Defendants. *Id.* at 11–19. However, Plaintiff failed to sufficiently state these claims arising out of the Home Incident and the Park Incident. *Id.*

However, the City Defendants did not move to dismiss Plaintiff's claims against Officer Pabon. *See* ECF No. 100. Therefore, Plaintiff's claims for "malicious prosecution, denial of the right to a fair trial, and violations of Plaintiff's substantive and procedural due process rights" survived against Officer Pabon. ECF No. 120 at 20.

Additionally, the Court granted Plaintiff "one final" leave to amend his complaint. *Id.* The Court granted Plaintiff leave to amend only the following claims :

(1) liability against the City under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) for the following constitutional violations:

    (a) failure to intervene,

    (b) conspiracy to violate Plaintiff's substantive and procedural due process rights,

    (c) malicious prosecution with respect to Officer Pabon's alleged actions, and

(d) denial of a right to fair trial;

(2) failure to intervene against the ADA Defendants and Officer Hankerson; and

(3) conspiracy to violate Plaintiff's substantive and procedural due process rights against the ADA Defendants and Officer Hankerson.

*Id.* Plaintiff was not to "add any new causes of action." *Id.*

On January 13, 2025, Plaintiff filed the operative Fifth Amended Complaint ("FiAC"). ECF No. 132. In the FiAC, Plaintiff substantively modified or added only paragraphs 65, 69, 134–43, 167–68, 171–73, 223, 229, and 263–67. *Id.* The remainder of the FiAC was identical to Plaintiff's Fourth Amended Complaint. *Compare* ECF No. 94 *with* ECF No. 132. In his FiAC, Plaintiff's new pleadings generally relate to: ADA Holderness's conduct regarding Plaintiff's release on bail, ¶ 65; the Corrections Officers' conduct during Plaintiff's incarceration, ¶ 69; false statements in Officer Pabon's and ADA Holderness's search warrant application, ¶¶ 134–36, 167–68, 172; the ADA Defendants' refusal to perform certain forensic testing, ¶¶ 137–40, 264; prosecutorial immunity, ¶¶ 141–43; Plaintiff's malicious prosecution claim, ¶¶ 171, 173, 223; Plaintiff's knowledge regarding the investigation, ¶ 229; a federal investigation into the City's Special Victims Unit ("SVU"), ¶ 263; Plaintiff's conversation with Manhattan District Attorney Cyrus Vance, ¶ 265; Plaintiff's complaints filed with the NYPD's Internal Affairs Bureau, ¶ 266; and Officer Pabon's continued employment with the NYPD, despite an alleged prior use of excessive force. ¶ 267. *Id.*

On March 18, 2025, the ADA Defendants and the remaining City Defendants filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 133, 134. The ADA Defendants move to dismiss the failure to intervene and due process claims against them. *See* ECF No. 133-2 at 7–10. Similarly, the City Defendants, with the exception of Officer

Pabon, move to dismiss Plaintiff's FiAC. *See* ECF No. 134. Because the City Defendants again did not move to dismiss any of Plaintiff's claims against Officer Pabon, Plaintiff's claims against Officer Pabon continue to survive the motion to dismiss stage. *See* ECF No. 134 at 1 ("[D]efendants City of New York, Far[r]ell[,] Bullard, Ungcharoen, and Hankerson . . . move this Court . . . for an order dismissing all claims asserted in this action[.]"). Plaintiff filed his oppositions to the motions to dismiss on May 16, 2025, and May 19, 2025. ECF Nos. 141, 143.

**LEGAL STANDARD**

As stated in the Court's prior order of dismissal, ECF No. 120 at 5–6, the legal standards for motions to dismiss for failure to state a claim and civil rights claims under 42 U.S.C. § 1983 follow.

### I. Motion to Dismiss for Failure to State a Claim

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (internal citation omitted). A claim will survive a Rule 12(b)(6) motion only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "Threadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice." *Id*. at 678. If a complaint does not state a plausible claim for relief, it must be dismissed. *Id*. at 679.

Pro se complaints "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal citation omitted). "Such a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hughes v. Rowe*, 449 U.S. 5, 10 (1980) (internal citation omitted); *see also Boykin v. KeyCorp*, 521 F.3d 202, 216 (2d Cir. 2008) ("[D]ismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Because Mr. Harris is proceeding *pro se*, the Court must liberally construe his Complaint and interpret it "to raise the strongest claims that it suggests." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (internal citation omitted). "Nevertheless, dismissal of a pro se complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory factual allegations." *Blue v. City of New York*, No. 16-CV-9990 (VSB), 2018 WL 2561023, at *4 (S.D.N.Y. June 4, 2018) (citing *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)).

## II. Civil Rights Claims Under 42 U.S.C. § 1983

Section 1983 provides a civil claim for damages against "[e]very person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)). To establish individual liability under

6

Section 1983, a plaintiff must demonstrate "the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013).

## DISCUSSION

The Court grants the ADA Defendants' and the City Defendants' motions to dismiss for failure to state a claim. First, the Court dismisses any claims brought in Plaintiff's FiAC that it previously dismissed without granting leave to amend. *See* ECF No. 120. The Court then dismisses Plaintiff's claims against the City, because Plaintiff failed to establish municipal liability under *Monell*. Finally, the Court dismisses Plaintiff's failure to intervene and conspiracy claims against the ADA Defendants and Officer Hankerson.

### I. Claims Reasserted Without Leave to Amend Are Dismissed

As a preliminary matter, the Court dismisses all of Plaintiff's claims alleged in the FiAC, other than (1) any claims brought against Officer Pabon and (2) claims that the Court granted leave to amend, which, to reiterate, are (a) claims against the City under *Monell*, (b) failure to intervene against the ADA Defendants and Officer Hankerson; and (c) conspiracy to violate Plaintiff's substantive and procedural due process rights against the ADA Defendants and Officer Hankerson. ECF No. 120 at 20.

In the Court's order granting dismissal of Plaintiff's Fourth Amended Complaint, the Court dismissed several claims with prejudice and prohibited Plaintiff from "add[ing] any new causes of action." *Id.* However, Plaintiff's Fifth Amended Complaint is largely duplicative of his Fourth Amended Complaint. *Compare* ECF No. 94 *with* ECF No. 132. Though Plaintiff inserted several new allegations and made minor grammatical modifications throughout his Fifth Amended Complaint, he retained almost all of the allegations from his Fourth Amended Complaint. *Id.* Specifically, paragraphs 1–64, 66–68, 70–133, 144–66, 169–70, 174–222, 224–

28, 230–62, and 268–99 of Plaintiff's FiAC are substantively identical to pleadings from his Fourth Amended Complaint. *Id.* Many of these reasserted allegations improperly bring claims already dismissed with prejudice in the Court's previous order. *See* ECF No. 120. Therefore, any claims other than those against Officer Pabon and those that the Court expressly permitted Plaintiff to amend are hereby dismissed.

## II. Plaintiff Fails to Establish Municipal Liability Under *Monell*

The Court granted Plaintiff an opportunity to amend his municipal liability claims against the City under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) for the constitutional violations of (a) failure to intervene, (b) conspiracy to violate Plaintiff's substantive and procedural due process rights, (c) malicious prosecution with respect to Officer Pabon's alleged actions, and (d) denial of a right to fair trial. ECF No. 120 at 20.

In *Monell*, the Supreme Court established that municipalities may face liability under 42 U.S.C. § 1983 for constitutional violations "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." 436 U.S. 658, 694 (1978). As stated in the Court's previous dismissal order, "to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights." *Price v. City of New York*, No. 15-CV-5871 (KPF), 2018 WL 3117507, at *6 (S.D.N.Y. June 25, 2018) (citing *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997)). A plaintiff can plead a policy, custom, or practice by alleging at least one of the following:

> (1) a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by government officials responsible for establishing

> municipal policies which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a 'custom or usage' and implies the constructive knowledge of policy-making officials; or (4) a failure by official policy-makers to properly train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact.

*Edrei v. City of New York*, 254 F. Supp. 3d 565, 579 (S.D.N.Y. 2017), *aff'd sub nom. Edrei v. Maguire*, 892 F.3d 525 (2d Cir. 2018) (internal citation omitted). Additionally, a plaintiff must "prove a causal link between the policy, custom or practice and the alleged injury in order to find liability against a municipality." *Blue v. City of New York*, No. 16-CV-9990 (VSB), 2018 WL 2561023, at *12 (S.D.N.Y. June 4, 2018) (internal citation omitted).

Previously, the Court held that "Plaintiff fail[ed] to state a claim for municipal liability under any theory . . . [because Plaintiff did] not allege facts suggesting even the existence of a formal policy, widespread practice, or deficiency in any of the City's training or supervision, much less how that conduct caused a violation of Plaintiff's constitutional rights." ECF No. 120 at 12.

In his FiAC, Plaintiff continues to plead legal conclusions, without modification from his Fourth Amended Complaint, including that the City (1) "had in effect actual and/or de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged," (2) "had in effect and/or de[]facto policies, practices, customs and usages of failing to properly train, screen, supervise and discipline employees and police officers, and of failing to inform the individual Defendants' supervisors of the need to train, screen, supervise and discipline said Defendants," and (3) knew "that such lack of training, screening, supervision, and discipline leads to improper conduct, acted with deliberate indifference in failing to establish a program of effective training, screening, supervision and

discipline." ECF No. 132 ¶¶ 133, 144–45. *Compare id. with* ECF No. 94 ¶¶ 133–35. Alone, these conclusory pleadings still do not plausibly state a claim for municipal liability.

However, in his FiAC, Plaintiff has fleshed out his allegations of the SVU's understaffing and rape kit backlog, ECF No. 132 ¶¶ 263, 265–66, and Officer Pabon's continued employment with the NYPD, despite an alleged prior use of excessive force, *id.* ¶ 267. Nevertheless, these additions remain insufficient to state claims against the City under *Monell*.

First, Plaintiff appears to allege that the SVU's understaffing and rape kit backlog are a custom or usage giving rise to liability under *Monell*. *See* ECF No. 132 ¶¶ 263–65. These allegations fail because delay, and even failure, to test a rape kit is not a constitutional violation.[1] The Second Circuit has established that "'the police do not have a constitutional duty to perform any particular tests' to generate exculpatory evidence." *Fappiano v. City of New York*, 640 F. App'x 115, 120 (2d Cir. 2016) (quoting *Arizona v. Youngblood*, 488 U.S. 51, 59 (1988)). *See also Neil v. Walsh*, No. 07-CV-6685 (DLC), 2009 WL 382637, at *5 (S.D.N.Y. Feb. 17, 2009) (internal citation omitted) ("[T]here is no due process requirement that the government use any particular investigatory tool, including quantitative testing, to secure exculpatory evidence."). Therefore, Plaintiff's "failure to establish his claim [for delay in testing the rape kits] forecloses his claim against the City of New York because in the absence of an underlying constitutional violation by a city employee there is no municipal liability under *Monell*." *Fappiano*, 640 Fed. App'x at 121.

---

[1] In contrast, the destruction of or failure to preserve potentially exculpatory evidence may constitute a violation of due process rights if the government actor acted in bad faith. *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988) ("[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process law.").

10

Additionally, to the extent Plaintiff alludes to any other SVU policies, customs, or usage, those allegations likewise fail to establish municipal liability. Plaintiff alleges that in June 2022, the federal government opened an investigation into the City's SVU focused on a "lack of enough staff and proper training, which many people have been complaining about for a long time." ECF No. 132 ¶ 263. Even setting aside the temporal gap between the investigation (2022) and Plaintiff's alleged constitutional violations (2011–2015), Plaintiff does not identify the time-frame, policies or conduct investigated by the federal government, or allege any casual connection to his injuries. Similarly, both Plaintiff's 2018 complaints to the Civilian Complaint Review Board and conversation with Cyrus Vance, which Plaintiff alleges occurred *after* he was "subjected to a [c]riminal [t]rial," occurred years after Plaintiff's 2011 arrests and 2015 trial, and therefore could not have caused any of the alleged constitutional violations. ECF No. 132 ¶¶ 265–66.

Second, Plaintiff alleges a failure to train and discipline Officer Pabon following Pabon's prior use of excessive force. ECF No. 132 ¶ 267. However, even assuming that there is a causal link between a prior failure to discipline excessive force and the falsification of a search warrant, "where the only evidence of a policy of inadequate supervision is a failure to discipline the defendant officers, a policy condoning unconstitutional action by the City cannot be inferred." *Whidbee v. Benjamin*, No. 23-CV-2371 (NSR), 2024 WL 1995234, at *3 n.1 (S.D.N.Y. May 6, 2024) (quoting *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 336 (S.D.N.Y. 1999), *aff'd sub nom. Dove v. O'Hare*, 210 F.3d 354 (2d Cir. 2000)). *See also DiGennaro v. Town of Gates Police Dep't*, No. 07-CV-6426 (CJS), 2013 WL 3097066, at *14 (W.D.N.Y. 2013) ("a municipal policy cannot be inferred from a failure to discipline 'a single police officer for a single incident of illegality'"). Further, pleading only "two or three instances" of a constitutional violation falls "far

short of showing a policy, custom, or usage." *Boddie v. City of New York*, No. 15-CV-4275 (GHW), 2016 WL 1466555, at *3 (S.D.N.Y. Apr. 13, 2016) (quoting *Jones v. Town of East Haven*, 691 F.3d 72, 85 (2d Cir. 2012)).

Therefore, because Plaintiff has not identified a municipal policy, custom, or practice causing the alleged constitutional violations, his claims against the City fail.

### III. Plaintiff Fails to Plead a Failure to Intervene Claim Against the ADA Defendants and Officer Hankerson

The Court granted Plaintiff leave to amend his claim that the ADA Defendants and Officer Hankerson failed to intervene to prevent violations of Plaintiff's constitutional rights. ECF No. 120 at 20. As the Court stated in its previous dismissal order, "[i]t is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." ECF No. 120 at 13 (quoting *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994)). "Liability only attaches if (1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." *Blue*, 2018 WL 2561023, at *11 (quoting *Bouche v. City of Mount Vernon*, No. 11-CV-5246 (SAS), 2012 WL 987592, at *5 (S.D.N.Y. Mar. 23, 2012)). "A plaintiff's allegations may not be vague or conclusory, and whether it succeeds or fails depends on whether the plaintiff successfully alleges an underlying constitutional violation." *Blue*, 2018 WL 2561023, at *11 (internal citation omitted).

Here, Plaintiff has largely left his failure to intervene pleadings unaltered. *Compare* ECF No. 94 ¶¶ 87, 144–56 *with* ECF No. 132 ¶¶ 87, 154–66. As in his Fourth Amended Complaint, Plaintiff appears to plead just one incident of a failure to intervene. Specifically, Plaintiff alleges

12

that Officer Hankerson testified at Plaintiff's trial that Officer Pabon "lied in his arrest complaint to establish probable cause," but it "took her 4 years to speak up." ECF No. 132 ¶ 164. *See also* ECF No. 94 ¶ 154 (identically pled in the Fourth Amended Complaint). The Court has already held that this allegation is "insufficient to support a claim for failure to intervene" because there are "no allegations that Hankerson had a realistic opportunity to prevent Pabon from lying in the arrest complaint or that she failed to take reasonable steps to intervene." ECF No. 120 at 13.

In fact, Plaintiff's new pleadings regarding Officer Hankerson reinforce the Court's prior holding. In the FiAC, Plaintiff pleads that as of now, "no one can be sure when P.O. Hankerson actually found out that Defendant P.O. Pabon falsely used her name to falsify probable cause in his arrest complaint," and similarly that "no one can also be sure as to when the ADA Defendants found out that Defendant P.O. Pabon had falsely used P.O. Hankerson's name to falsify probable cause in his arrest complaint." ECF No. 132 ¶¶ 167–68. Therefore, rather than plausibly alleging a failure to intervene, Plaintiff concedes that Officer Hankerson (and the ADA Defendants) may not have known about Officer Pabon's falsification until long after Plaintiff's arrest and incarceration. *See* ECF No. 132 ¶¶ 167–68. These allegations are insufficient to state a claim.

Regarding the ADA Defendants, in his opposition to their motion to dismiss, Plaintiff argues that ADA Park and ADA Serino failed to intervene "because when they took over [Plaintiff's] case [from ADA Holderness,] it was obvious that ADA Defendant Holderness had been engaging [in] conduct that is prejudicial to the administration of justice." ECF No. 143 at 9. However, Plaintiff neglected to amend his failure to intervene claim with respect to ADA Park and ADA Serino in his FiAC, and the Court has already found that his reasserted, unaltered allegations against them are deficient. ECF No. 120 at 13–14. *See* ECF No. 132 ¶¶ 100, 109,

13

146–47, 185, 191–92, 209–12 (substantively pled in ECF No. 94 ¶¶ 100, 109, 136–37, 170, 176–77, 194–97).

Finally, Plaintiff did newly allege in his FiAC that ADA Holderness impeded Plaintiff's release on bail and that the ADA Defendants obstructed necessary forensic testing. ECF No. 132 ¶¶ 65, 264. However, allegations of direct constitutional violations cannot give rise to claims of failure to intervene as to those alleged to have directly participated. *See Buchy v. City of White Plains*, No. 14-CV-1806 (VB), 2015 WL 8207492, at *3 (S.D.N.Y. Dec. 7, 2015) (internal citation and quotation marks omitted) ("When a [government] officer is a direct participant in the alleged[ constitutional violation], the failure to intervene theory of liability is inapplicable.").

Additionally, in any event, the Court's prior order already dismissed Plaintiff's claims against the ADA Defendants arising from their alleged obstruction and obfuscation of forensic testing. ECF No. 120 at 14, 15–17 (holding that Plaintiff's Fourth Amended Complaint "fail[ed] to demonstrate that the ADA Defendants were obligated to conduct further tests, and also show[ed] that Plaintiff obtained the additional testing he desired on his own"). Further, the ADA Defendants are "individually immune from § 1983 liability for decisions undertaken in their prosecutorial capacity." *Id.* at 16 (quoting *Newson v. City of New York*, No. 16-CV-6773 (ILG), 2019 WL 3997466, at *3 (E.D.N.Y. Aug. 23, 2019) (internal citations omitted)). *See also Pinaud v. County of Suffolk*, 52 F.3d 1139, 1148 (2d Cir. 1995) (granting absolute immunity to prosecutors accused of improperly increasing plaintiff's bail).

Therefore, Plaintiff has failed to sufficiently plead a failure to intervene claim against the ADA Defendants or Officer Hankerson.

**IV. Plaintiff Fails to Plead a Conspiracy to Violate His Substantive and Procedural Due Process Rights Against the ADA Defendants and Officer Hankerson**

The Court granted Plaintiff leave to amend his claim that the ADA Defendants and Officer Hankerson conspired to violate Plaintiff's substantive and procedural due process rights. ECF No. 120 at 20. Plaintiff's prior violation of due process claims were "predicated on the same facts and reiterate the same claims as his claims for malicious prosecution and violation of *Brady*," which were dismissed with prejudice. *Id.* at 18, 21. Therefore, the Court allowed Plaintiff to amend only his *conspiracy* to violate due process rights claim against the ADA Defendants and Officer Hankerson. *Id* at 18–21.

As the Court stated in its previous dismissal order, to state a claim for conspiracy under Section 1983, a plaintiff must allege: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." ECF No. 120 at 18 (quoting *Blue*, 2018 WL 2561023, at *9). "In order to survive a motion to dismiss, § 1983 . . . conspiracy claims must 'provide some factual basis supporting a meeting of the minds, such as that defendants entered into an agreement, express or tacit, to achieve the unlawful end, augmented by some details of time and place and the alleged effects of the conspiracy.'" *Blue*, 2018 WL 2561023, at *12 (quoting *K.D. ex rel. Duncan v. White Plains Sch. Dist.*, 921 F. Supp. 2d 197, 208 (S.D.N.Y. 2013)).

Here, Plaintiff again fails to sufficiently plead a conspiracy to violate his due process rights. In his FiAC, Plaintiff adds no new allegations of any agreement among Defendants or between Defendants and third parties, much less an agreement to violate Plaintiff's due process rights. *See* ECF No. 132.

15

As mentioned above, Plaintiff does expand on his allegations that ADA Holderness prevented Plaintiff's release on bail and falsified a search warrant application. *See id.* ¶¶ 65, 136. However, these allegations supplement only Plaintiff's already-dismissed due process violations claims against ADA Holderness individually, and do not allege that ADA Holderness made an agreement with another party to violate Plaintiff's due process rights. *See* ECF No. 132 ¶ 65.

Furthermore, in his opposition to the ADA Defendants' motion to dismiss, Plaintiff argues that there was a conspiracy amongst the ADA Defendants to not test Plaintiff's rape kit for lubricant. ECF No. 143 at 2, 5. In his opposition, Plaintiff also argues that the ADA Defendants conspired "to pretend the wine glass was never tested for [Plaintiff's] fingerprints." ECF No. 143 at 7. This argument is consistent with Plaintiff's previous allegations that ADA Park and ADA Serino opposed Plaintiff's independent testing of a wine glass for fingerprints "because they knew he would discover the [p]rosecutors had already performed latent fingerprint tests on the wine glass." ECF No. 94 ¶ 176; ECF No. 132 ¶ 191. However, Plaintiff's allegations and arguments of conspiracy are conclusory. Plaintiff has again failed to allege any non-conclusory, factual content establishing that the ADA Defendants had an agreement to commit any constitutional violations. Therefore, Plaintiff has failed to sufficiently plead his conspiracy claims against the ADA Defendants and Officer Hankerson.

## CONCLUSION

For the reasons stated above, the Court GRANTS the City Defendants' and ADA Defendants' motions to dismiss. The Clerk of Court is directed to terminate ECF Nos. 133 and 134. All claims against Defendants other than Eliezer Pabon are dismissed with prejudice. Accordingly, all Defendants other than Eliezer Pabon are terminated from this action. The Court,

16

by separate order, refers this action to the Magistrate Judge for general pretrial purposes,

including scheduling, discovery, non-dispositive pretrial motions, and settlement.

Dated:   February 5, 2026
         White Plains, New York

SO ORDERED.

_Jessica Clarke_

JESSICA G. L. CLARKE
United States District Judge

17